IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLINT KANEKO,<br><br>Defendant. | CR. NO. 19-00062 JMS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE), ECF NO. 72 |

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE), ECF NO. 72**

**I. INTRODUCTION**

Before the court is pro se Defendant Clint Kaneko's ("Defendant") Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 72 ("Motion"). Defendant moves for compassionate release based on the following alleged "extraordinary and compelling" reasons: (1) the "non-implementation of the First Step Act of 2018" as it applies to him; (2) a mis-application of the United States Sentencing Guidelines ("USSG") at sentencing; (3) he experienced harsh conditions while incarcerated due to COVID-19; and (4) he has done well while in custody. Defendant fails to demonstrate an extraordinary and compelling reason to reduce his sentence and, in any event, the

court would deny the Motion based on a consideration of the relevant 18 U.S.C. § 3553(a) factors.  Accordingly, as discussed below, Defendant's Motion is DENIED.

## II.  BACKGROUND

Defendant is 43 years old and presently incarcerated at USP Lompoc with a projected release date of July 27, 2025.  *See* Find an Inmate, ("Find By Name" entering "Clint Kaneko"), https://www.bop.gov/inmateloc/ (last visited March 8, 2024).

On May 2, 2019, Defendant pled guilty to being a felon in possession of a .40 caliber, semi-automatic pistol, a .223 caliber rifle, and a 12-gauge shotgun in violation of 18 U.S.C. § 922(g)(1).  ECF Nos. 52, 56, & 57.  He was sentenced on August 23, 2019, to 90 months' imprisonment and three years' supervised release.  ECF No. 70.

On December 8, 2023, Defendant filed the instant Motion.  ECF No. 72.  The government filed a response on January 8, 2024, ECF No. 75.  Defendant was given an opportunity to file a reply but he failed to do so.  *See* ECF No. 73.  The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

\\\

\\\

\\\

### III. **DISCUSSION**

A. **Legal Standard**

Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and 18 U.S.C. § 3582(c)). Congress created a limited exception for modifying the sentence of a federal inmate who files a motion for "compassionate release" satisfying the substantive and procedural requirements of 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA"), provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction;
>
>     . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "As compassionate release derogates from the principle of finality, it is a 'narrow' remedy . . . and the court's disposition of a

3

compassionate release motion 'is discretionary, not mandatory[.]'" *Wright*, 46 F.4th at 944–45 (internal citations omitted).

But the FSA itself does not define "extraordinary and compelling reasons." "Instead, Congress stated that the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

United States Sentencing Commission Policy Statement § 1B1.13(a) states, in relevant part, that a court may grant a motion for compassionate release if, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," the court determines that: extraordinary and compelling reasons warrant the reduction; the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with [§ 1B1.13's] policy statement."

The applicable policy statement, however, was not updated to address the FSA until recently. Until amendments effective November 1, 2023, § 1B1.13 only addressed motions brought by the Director of the Federal Bureau of Prisons ("BOP"), not those brought by defendants on their own behalf. *See Aruda*, 993

4

F.3d at 801–02. Given the lack of any Guideline policy statement that addressed defendant-filed motions, although district courts consulted the pre-November 1, 2023 policy statements as persuasive authority, they were not binding. *Id*. at 802. But because the November 1, 2023 amendments to § 1B1.13 expressly apply to motions brought by the BOP Director *and* to those brought by individual defendants, these amendments are now binding on the court. *See, e.g.*, *United States v. Gudgel*, 2024 WL 729959, at *2 (D. Idaho Feb. 22, 2024); *United States v. Eklund*, 2024 WL 623903, at *1 (D. Alaska Feb. 14, 2024); *United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908, at *1–2 (D. Mont. Jan. 4, 2024*); United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023); *see also United States v. Roper*, 72 F.4th 1097, 1100 (9th Cir. 2023) (stating that Congress placed only two limitations on extraordinary and compelling reasons, with one being that district courts are bound by any Guideline policy statement).

Section 1B1.13 then sets forth several specific extraordinary and compelling reasons which may form—individually or in combination—the basis to reduce a sentence: (1) certain medical circumstances of the defendant; (2) age of the defendant coupled with health issues; (3) certain family circumstances of the defendant; (4) whether the defendant was a victim of sexual or physical abuse

while in custody; (5) other circumstances (or a combination of circumstances) "similar in gravity" to (1)–(4)[1]; and (6) defendant received an unusually long sentence.

And although the court must consider "extraordinary and compelling" reasons and the § 3553(a) factors, it may deny compassionate release on any of these bases:

> First, the district court must determine whether "extraordinary and compelling reasons warrant" a sentence reduction. Second, the court must evaluate whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted "under the particular circumstances of the case." Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.

*Wright*, 46 F.4th at 945 (internal citations, emphasis, and footnote omitted). Thus,

---

[1] The Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons. Rather, they need be similar only in gravity . . . ." Supplement to USSG App. C, amend. 814, p. 207 (Nov. 1, 2023). Under § 1B1.13(b)(5), the court retains substantial discretion to determine what constitutes extraordinary and compelling reasons. *Gudgel*, 2024 WL 729959, at *2 (stating that under the "other reasons" provision of § 1B1.13(b)(5), "district courts have wide discretion in evaluating whether a defendant's circumstances are extraordinary and compelling enough to justify a sentence reduction."); *United States v. Donato*, 2024 WL 665939, at *3 (E.D.N.Y. Feb. 16, 2024) (same); *United States v. Courtway*, 2023 WL 8772931, at *7 (S.D. Cal. Dec. 19, 2023) (same).

a district court may deny a compassionate release motion based solely on a defendant's failure to show an "extraordinary and compelling" reason for release. "[A] district court that properly *denies* compassionate release need not evaluate each step" in the "sequential step-by-step analysis" required by 18 U.S.C. § 3582(c)(1)(A). *Keller*, 2 F.4th at 1284. "Such a reading is compelled by the structure of the compassionate release statute, which treats its requirements as conjunctive." *Wright*, 46 F.4th at 947 (citing *id.*). "This structure necessarily dictates that a court may deny compassionate release at *any* stage of the § 3582(c)(1)(A) pipeline." *Id.* (emphasis added).

B.     **Exhaustion of Administrative Remedies**

To satisfy § 3582(c)(1)(A)'s exhaustion requirement, a defendant must submit a request to the BOP (often, the prison warden) that explains the basis for the relief sought and provides a proposed release plan. *See* 28 C.F.R. § 571.61(a)(1)–(2); *see also United States v. Gorion*, 2023 WL 121468, at *3 (D. Haw. Jan. 6, 2023) (citations omitted). The exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is "a mandatory claim-processing rule that must be enforced when properly invoked." *Keller*, 2 F.4th at 1282. In other words, if raised by the government in opposition to a motion for compassionate release, the exhaustion requirement must be enforced, but it may be waived if the government does not raise the exhaustion requirement.

7

Here, the United States claims that Defendant has failed to prove that he exhausted his administrative remedies. *See* ECF No. 75 at PageID.267–68. In fact, Defendant represents that he submitted a request for compassionate release to the warden and has not received a response, although he failed to provide the court with a copy (or even the date) of the submission. *See* ECF No. 72 at PageID.235–36. Nevertheless, given Defendant's pro se status, and given his representation that he did exhaust his administrative remedies, the court addresses the merits of Defendant's Motion.

## C.  Defendant Does Not Present an Extraordinary and Compelling Reason Warranting Early Release

Defendant asserts that the court should grant his motion for compassionate release based on: (1) the "non-implementation of the First Step Act [FSA] of 2018" by the BOP as it applies to him; (2) a mis-application of the USSG at sentencing; (3) he experienced harsh conditions while incarcerated due to COVID-19; and (4) he has done well while in custody. ECF No. 72 at PageID.235, 238–39. The court considers each argument individually and in combination.

To the extent Defendant challenges "eligibil[ity] for FSA," a motion for compassionate release brought under 18 U.S.C. § 3582(c) is the wrong vehicle to address a purported denial of FSA time credits. Seeking FSA time credits is essentially a challenge to the "manner, location, or conditions of [Mr. Kaneko's]

8

sentence's execution." 28 U.S.C. § 2241. And a "defendant may . . . challenge BOP's calculation [of a sentence]—in other words, the execution of the sentence—by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241." *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015); *see also United States v. Samal*, 2023 WL 2579887, at *6 (W.D. Wash. Mar. 16, 2023); *United States v. Bryant*, 2023 WL 7703175, at *4 (D. Nev. Nov. 14, 2023); *United States v. Purpera*, 2024 WL 329541, at *4 (W.D. Va. Jan. 29, 2024).

Defendant also claims that the imposition of a 4-level enhancement "for drugs that he was never charged with"—which he equates with "a leadership enhancement"—is an extraordinary and compelling reason warranting early release. ECF No. 72 at PageID.239. First, this claim, even if true, is not a basis for compassionate release under § 1B1.13. It neither fits any of the enumerated categories, nor is it of "similar gravity" to the bases set forth in § 1B1.13(b)(1)–(4).

Second, Defendant is simply wrong on the facts. The court is confident that evidence of Defendant's possession of firearms in connection with the distribution of methamphetamine warranted the 4-level increase. *See* ECF No. 167 at PageID.165–66 (Presentence Investigation Report ("PSR") ¶ 26). Defendant objected to this 4-level increase at sentencing, which the court overruled. *See* ECF No. 64. And "[o]bjections to sentencing that . . . were fully considered and rejected at the time of sentencing are not the changed circumstances intended for

the purposes of compassionate release." *United States v. Stinson*, 2022 WL 4182360, at *4 (S.D. Ohio Sept. 13, 2022).[2] Stated differently, "[l]egal errors at sentencing are neither extraordinary nor compelling." *United States v. Jenkins*, 50 F.4th 1185, 1200 (D.C. Cir. 2022); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) ("[A] legal contest to a sentence must be resolved by direct appeal or motion under § 2255, not by seeking compassionate release under § 3582."); *United States v. West*, 70 F.4th 341, 346 (6th Cir. 2023) (explaining that defendants cannot use § 3582(c)(1)(A) as a means to correct sentencing errors).

Defendant's last arguments—relating to the harsh conditions due to the COVID-19 pandemic and his good behavior while incarcerated—are also unpersuasive.  First, Defendant does not provide any evidence that he currently suffers from any serious physical or mental condition, nor has he shown that "due to personal health risk factors and custodial status, [he] is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease . . . ." USSG § 1B1.13(b)(1)(D)(ii).  This argument, thus, does not meet § 1B1.13's "medical circumstances" criteria.

During the COVID-19 pandemic, many incarcerated individuals filed

---

[2] In pre-sentence briefing, Defense counsel objected to the very issue that Defendant now challenges—the upward adjustment for possession of a firearm in connection with another felony offense.  *See* ECF No. 64 at PageID.141–43.

compassionate release motions grounded on a perceived risk of contracting severe illness.  Although the court does not dismiss these legitimate concerns, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  Furthermore, "district courts should always consider a defendant's 'individual circumstances' when assessing compassionate release claims, even when the defendant seeks relief on COVID-19 grounds and has refused to be vaccinated."  *United States v. Brown*, 78 F.4th 122, 129 (4th Cir. 2023) (quoting *United States v. Singleton,* 2022 WL 5240607, at *1 (4th Cir. Oct. 6, 2022) (unpublished)).

In addition, the Sixth and Seventh Circuits have held that prisoners who refuse the vaccine cannot be said to have "extraordinary and compelling" circumstances justifying compassionate release.  *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction") (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *id.* at 803 (holding that "a prisoner who remains at elevated risk because he has

11

declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release"). Similarly, district courts in the Ninth Circuit have ruled that an inmate's refusal to receive a COVID-19 vaccination undercuts that inmate's assertion of extraordinary and compelling circumstances justifying compassionate release. *United States v. Joseph*, 2021 WL 5122355, at *5 (D. Haw. Nov. 3, 2021); *see also United States v. Nino*, 2022 WL 19649, at *4 (D. Haw. Jan. 3, 2022) (denying compassionate release to inmate who refused the COVID-19 vaccine due to his failure to fulfill his burden to justify compassionate release); *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–44 (D. Ariz. 2021) ("An inmate's refusal to receive the 'COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.'") (collecting cases).

    Defendant's BOP medical records obtained by the government show that he is obese with no other mental or physical conditions that would put him at a particularly increased risk of adverse health consequences were he to contract COVID-19. *See* ECF No. 75-1. Defendant does not elaborate on his personal circumstances and risks in the face of COVID-19, despite contracting it in January 2021, recovering, receiving two Moderna vaccines (in March 2021 and April 2021), and refusing a third (the Moderna Bivalent) in November 2022 without stating why. Instead, he vaguely asserts that he "was subject to harsher condition

[sic] than were foreseen at the time of sentencing" and that in helping to feed and distribute supplies to inmates, he was "a literal Front-line worker in the Covid-19 pandemic." ECF No. 72 at PageID.238. And even though Defendant's obesity increases the risk of severe illness from COVID-19, *see* "Obesity, Race/Ethnicity, and COVID-19," https://www.cdc.gov/obesity/data/obesity-and-covid-19.html [https://perma.cc/V2DL-6DPA], that factor alone is insufficient to rise to the level of an extraordinary and compelling reason.

Further, that Defendant's incarceration was made harsher because of the pandemic is not a basis for granting his motion under § 1B1.13. Courts have recognized that "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *Samal*, 2023 WL 2579887, at *3–4 (quoting *United States v. Bolden*, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020)). And although the court commends Defendant for doing well while in custody, this alone (or in combination with other factors) does not support early release under § 1B1.13.

Defendant's arguments, when considered alone or in combination, do not constitute an extraordinary and compelling reason for the reduction of his sentence.

**D.     The Section 3553(a) Factors Do Not Justify Compassionate Release**

Independent of whether Defendant has provided extraordinary and compelling reasons to justify a sentence reduction, the court would decline to reduce his sentence based on consideration of the relevant § 3553(a) factors.

Relevant § 3553(a) factors include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)–(2). And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). 18 U.S.C. § 3553(a).

Defendant was a convicted of being a felon in possession of firearms. One of the firearms, the Mossberg 500 12-gauge shotgun, was previously reported stolen from a burglary. And because the Defendant's possession of firearms was in connection with drug-trafficking (a felony offense), he appropriately received a 4-level enhancement under USSG § 2K2.1(b)(6)(B). *See* ECF No. 67 at

14

PageID.165 (PSR ¶ 26).  Given the seriousness of this offense conduct, the court determined at sentencing that under the parsimony clause a sentence of 90 months was "sufficient but not greater than necessary to comply with the purposes" of § 3553(a)(2).

Further, Defendant has a lengthy and serious criminal history.  His convictions include: Assault 3 (two times, in 1999 and 2009); Burglary I, Robbery I, and Kidnapping in 2001 (with parole revoked in 2007); and Terroristic Threatening 1 and Assault 2 in 2011.  *See* ECF No. 67 at PageID.169 (PSR ¶¶ 38–42).

Weighing all the § 3553(a) factors, including the offense conduct, Defendant's criminal history, and the time remaining on Defendant's sentence,[3] the court determines that reducing his sentence would severely undermine the goals of sentencing set forth in § 3553(a)(2).  Even if Defendant had "extraordinary and compelling reasons" (which he does not), the court would not grant the motion.

\\\

\\\

\\\

---

[3] When evaluating the § 3553(a) factors, courts consider the amount of time remaining on a defendant's sentence—whether short or long—in determining whether to grant compassionate release.  *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *Keller*, 2 F.4th at 1284; *United States v. Espinoza-Patino*, 2022 WL 16634865, at *1 (9th Cir. May 20, 2022) (unpublished); *United States v. Maka*, 2020 WL 2544408, at *4 (D. Haw. May 19, 2020).

## IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Sentence Reduction Under 8 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 72, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 8, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States of America v. Kaneko*, Cr. No. 19-00063 JMS, Order Denying Defendant's Motion for Sentence Reduction Under 8 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 72